IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRADLEY HAROLD ANDREWS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:12-CV-359-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, et al. | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Bradley Harold Andrews's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Andrews filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 for violation of his constitutional rights, and naming as defendants Dee Anderson, sheriff, Tarrant County, Texas; Officer Joseph Thornhill; and the Tarrant County jail. (Compl. Style; § IV(B).) In response to a court order, Andrews has also filed a more definite statement.[1]

---

[1] This is the first of seven cases still pending before the Court from inmates previously housed in the Tarrant County jail unit or pod identified as pod 59C (MHMRTC). Each complaint is very similar and includes as an attachment a photocopy of a document entitled "Cruel and Unusual Punishment Under the Eight Amendment," which describes a number of egregious acts purportedly committed by Officer Thornhill against some of the Tarrant County jail inmates. Several of the other plaintiffs responded to a court order to complete a more definite statement as to particular claims, and those cases remain pending before the Court and include: *Walker v. Anderson, et al.*, No.4:12-CV-362-Y; *Thomas v. Anderson, et al.*, No.4:12-CV-364-Y; *Cotten v. Anderson, et al.*, No, 4:12-CV-365-Y; *Benjamin v. Anderson*, *et al.*, No.4:12-CV-478-Y; *Cooper v. Anderson, et al.*, No.4:12-CV-485; and *Johnson v. Anderson, et al.*, No. 4:12-CV-486-Y. The remaining six cases will be reviewed and addressed collectively by a separate order.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint and more definite statement under these standards, the Court concludes that Andrews's claims must be dismissed.

In the Court's order for more definite statement, Andrews was directed to describe how he was particularly harmed, affected,

---

[2] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id.,* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

directly involved, or subjected to contact by Officer Thornhill. In response to several questions, Andrews recited factual allegations of conduct by Officer Thornhill against fellow POD inmates Fisher, Randall Harr, James Cooper, James McKinney, Ronald Prince, Jason Pollard, Weldon Shelton, Stephen Walker, Paul Johnson, David Robertson, Andrew Thomason, Christopher Thomas, Matthew Cotton, and Joseph Lucas.[7] (More Definite Statement (MDS) at pages 1-12.) In fact, Andrews attached to his more definite statement a handwritten chart listing these other inmates and the manner in which each was allegedly subjected to assaultive conduct by Thornhill.[8] (MDS at attachment.) Andrews, however, wholly failed to allege any facts of conduct by Officer Thornhill directed towards him personally.

The ability of an individual to seek recovery for violation of constitutional rights is provided through 42 U.S.C.§ 1983.[9] A § 1983 claim must be based upon the violation of a plaintiff's

---

[7]As noted in footnote one, Stephen Walker, Christopher Thomas, Matthew Cotton, and Paul Johnson still have individual suits pending arising from these same events.

[8]The Court, by order entered August 23, 2012, already informed Andrews that he was not authorized to represent or act as an attorney for any other parties in federal court.

[9]"Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

personal rights, and not based on the rights of someone else.[10] A plaintiff must show that he personally suffered some injury as a result of defendant's conduct.[11] A plaintiff has no standing under § 1983 to pursue vindication of another's rights. Thus, Plaintiff cannot pursue claims under § 1983 on behalf of other inmates, and to the extent his more definite statement recites such claims, the Court concludes that they must be dismissed.

Andrews does allege that he personally sustained mental concern, emotional worry, fear for his safety, and anxiousness about whether, he too, would be the subject of humiliating and assaultive conduct by Officer Thornhill. (MDS at pages 2-9.) As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[12] In the complaint, Andrews alleges he sustained cruel and unusual punishment under the Eighth Amendment, although if he was a pre-trial detainee during the events made the basis of

---

[10] *Broomfield v. Jones,* 849 F.2d 152, 154-55 (5th Cir. 1988); *see also Coon v. Ledbetter,* 780 F.2d 1158, 1160-61 (5th Cir. 1986); *Archuleta v. McShan,* 897 F.2d 495, 497 (10th Cir. 1990); *see generally Jaco v. Bloeche,* 739 F.2d 239, 241-42 (6th Cir. 1984)("[b]y its own terminology, the statute [§ 1983] grants the cause of action 'to the party injured.' Accordingly, it is an action *personal* to the injured party")(emphasis in original).

[11] *Duke Power Co. V. Carolina Environmental Study Group,* 438 U.S. 59, 72 (1978); see also *Worth v. Seldin,* 422 U.S. 490, 499 (1975).

[12] 42 U.S.C.A. § 1997e(e)(West 2012).

the case, his claims arise under the Fourteenth Amendment to the Constitution. Although long recognized as applying to claims under the Eighth Amendment,[13] the United States Court of Appeals for the Fifth Circuit held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."[14]  More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions,*" and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered."[15] Other courts have held that an inmate's claims for compensatory damages for violation of the Fourteenth Amendment, without showing physical injury, are barred by § 1997e(e).[16] Applying these holdings

---

[13] *See Herman v. Holiday,* 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999), *called into doubt on other grounds, Irby v. Nueces County Sheriff,* 790 F. Supp. 2d 552, 558 (S.D. Tex. May 11, 201).

[14] *Geiger v. Jones,* 404 F.3d 371, 375 (5th Cir. 2005).

[15] *Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007)(emphasis in original).

[16] *Allen v. Holden,* No. 10-0753-JJB-DLD, 2012 WL 3902401, at *5 (M.D. La. Aug. 15, 2012), *rep. and rec. adopted*, 2012 WL 3901954 (Sep. 7, 2012); *Rogers v. Newman,* No.5:04-CV-193DCB-JCS, 2006 WL 1520298, at *1 (S.D. Miss. April 7, 2006).

to the instant case, no matter the substantive constitutional violations asserted by Andrews, a failure to allege physical injury bars his claims for compensatory damages.[17]

In the complaint, Andrews did not seek relief personal to him, but generally sought "sanctions and monetary relief for the suffering and injury of inmates of Pod 59C." (Compl. § VI.) In the order for more definite statement, the Court directed Andrews to answer a specific question regarding any physical injury he sustained, and any medial care he might have received for any physical injury. (Order For MDS § 9.) Andrews did not provide an enumerated answer to this question. Included within Andrews's lengthy allegations of harm as to other inmates, however, he wrote: "these alleged assaults caused physical injury because of fear and anxiety which I felt. The physical injury was with regard to my heart." (MDS at 5.) Later, Andrews again wrote: "I suffer emotional injury because of the unreasonable punishment and I suffer physical injury namely my heart." (MDS at 12.) But Andrews did not provide any other specifics and did not allege that he received any medical care for any heart condition. Andrews's allegations do not state a cognizable physical injury. The United States Court of Appeals for the Fifth Circuit recognized that § 1997e(e) bars claims for mental

---

[17]Section 1997e(e) does not preclude claims for nominal or punitive damages (*Hutchins*, 512 F.3d at 198) or for injunctive or declaratory relief (*Harper*, 174 F.3d at 719). Andrews, however, did not assert any other claims for monetary damages. (MDS at 16-17.)

6

and emotional damages caused only by fear of injury.[18] Andrews's reference to injury to his heart, without more, does not state a physical injury for purposes of § 1997e(e).[19]

In the more definite statement, Andrews also seeks relief in the form of an order from this Court directing that Tarrant County provide certain training to every officer who works the MHMR Pod within the Tarrant County jail, and an order directing that every inmate housed within that POD be provided a particular handbook. (MDS at 16.) But such claims are not properly before the Court because Andrews has not stated a viable claim against Tarrant County, Texas.

In the complaint, Andrews named as a defendant the Tarrant County jail. The Court, in the order for more definite statement, informed Andrews that he needed to either state facts as to whether the Tarrant County jail had its own jural existence to be subject to suit, or pursue any such claims against Tarrant County, Texas, by providing facts showing how any custom or policy of the county related to his allegations. (Order for MDS ¶ 8.) Andrews responded

---

[18] *Herman v. Holiday,* 238 F.3d at 665 (5th Cir. 2001)(citing *Bernard v. Tong,* 192 F.3d 126, No.98-11082, slip op. at 2-3 (5th Cir. Aug. 9, 1999)(unpublished)).

[19] *See Tribe v. Snipes,* 19 Fed. Appx. 325, 326 (6th cir. Sep. 17, 2001)(affirming district court's dismissal of claims for monetary damages under § 1997e(e) where inmate's stress, which he said could cause him to have a heart attack, chest pains, and a cold, numb left arm, did not constitute a physical injury for purposes of § 1997e(e)); *see also Todd v. Graves,* 217 F. Supp. 2d 958, 960 (S.D. Iowa 2002)(noting that Plaintiff's claims that he was placed at "greater risk for [a] heart attack and stroke" as a result of the stress caused by the actions of defendants were "symptoms typically associated with people suffering stress or mental distress [and] [p]rison itself is a stressful environment . . . [i]f the symptoms alleged by plaintiff were enough to satisfy the physical injury requirement of 42 U.S.C. § 1997e(e), very few plaintiffs would be barred by the physical injury rule . . ..").

7

by alleging that Tarrant County was responsible because a new video camera recording system that was supposed to be operational for the MHMR Pod was either working properly and disregarded by jail officials, or was malfunctioning. Andrews alleged, in turn, that Tarrant County is liable for his damages for the inadequate security monitoring system. (MDS at 15.)

Although a county is a "person" within the meaning of § 1983, it may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort."[20] The Supreme Court, in *Monell v. New York City Department of Social Services,* emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.[21]

Thus, § 1983 liability attaches "only where the municipality *itself* causes the constitutional violation at issue."[22]

The above recited allegations do not state a policy or custom claim against Tarrant County, Texas. In response to the Court's inquiry about whether any policy or custom of Tarrant County, Texas,

---

[20]*Monell v. New York City Dept.of Social Services*, 436 U.S. 658, 691 (1978).

[21]*Id.* at 694.

[22]*City of Canton v. Harris,* 489 U.S. 378, 385 (1989)(emphasis in original).

8

related to his allegations, Andrews alleged only this new factual claim about a video recording system. Andrews has made no allegation of any custom or policy related to the underlying factual assertions of events that occurred within the MHMR Pod. Thus, lacking any such factual allegation of a custom or policy failure of Tarrant County, Plaintiff's demands that the Court direct that specific corrective measures be taken by Tarrant County must be dismissed.

Andrews also seeks in his more definite statement an order of the Court directing that his conviction for felony burglary of a habitation be reduced to a misdemeanor assault with credit for time served. (MDS at 16.) Such relief is not available in this proceeding. In *Heck v. Humphrey*,[23] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[24] Because these additional claims by Andrews challenge his conviction and sentence of imprisonment, and he has not shown that the conviction and sentence has been reversed or set aside in any of the manners listed, any claims for damages under 42 U.S.C. § 1983 are

---

[23] 512 U.S. 477, 486-87 (1994).

[24] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

not cognizable under *Heck v. Humphrey*.[25] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck.*[26] Thus, Andrews's claims related to his conviction and sentence, whether they be for monetary damages, injunctive relief, or for declaratory judgment, are not cognizable under *Heck v. Humphrey*, and must be dismissed.[27]

*Order*

Therefore, Plaintiff's claims for relief against his conviction for burglary of a habitation, are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met,[28] pursuant to 28 U.S.C.§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

[25] *See Hassler v. Carson County*, 111 Fed. Appx. 728, 729 (5th Cir. Oct. 6, 2004)(affirming district court's determination that released TDCJ inmate's claims regarding the failure to credit him with jail time served in Carson County were barred by *Heck*)(citing *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), *cert. den'd,* 532 U.S. 971 (2001)).

[26] *See Reger v. Walker,* 312 Fed. Appx. 624, 625 (5th Cir. 2009)(noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action because they imply the invalidity of conviction), *cert. dismissed,* 130 S. Ct. 226 (2009); *see also Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

[27] *See Heck*, 512 U.S. at 487-88.

[28] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

All Plaintiff's remaining claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[29]

SIGNED December 5, 2012.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[29] All pending motions are dismissed.